UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST AMERICAN BANK, as Trustee under agreement dated August 19, 2009 and known as Trust No. 1-09-124, and FIRST AMERICAN BANK, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHHAMPTON GROUP LTD., <br><br> Defendant. | No. 23 CV 1168 <br><br> Judge Manish S. Shah |

**ORDER**

Defendant's motion to dismiss, [16], is denied. Defendant's request to stay this case pending the state-court appeal of the underlying lawsuit is denied. In the event that the state appellate court reverses the dismissal of the underlying case, this court will revisit a stay. Defendant shall answer the complaint by April 10, 2024. By April 15, 2024, the parties shall file a joint status report with a proposal for a discovery schedule.

**STATEMENT**

Plaintiff First American Bank as Trustee sold the Fountain Square on the River Condominiums to defendant Northhampton Group Ltd. in 2014. [1] ¶¶ 2, 11.[1] The contract of sale contained an "as-is" clause stating that the purchaser Northhampton "agreed to buy the premises in its present condition… relying solely on its own examination and inspections of the premises." [1] ¶ 12; [1-1] ¶ 14. The

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. This court has jurisdiction because plaintiffs are citizens of Illinois, defendant is a citizen of Canada, and the amount in controversy is more than $75,000. [1] ¶¶ 3–7, 26–27; 28 U.S.C. § 1332(a)(1). Illinois law applies. *See Paulsen v. Abbott Laboratories*, 39 F.4th 473, 477 (7th Cir. 2022) (citations omitted) (noting that federal courts sitting in diversity apply the choice of law rules of the forum state, and under Illinois choice-of-law rules, the forum state's law applies unless an actual conflict is shown or the parties agree that forum law doesn't apply).

contract also contained an indemnification clause. [1] ¶ 13; [1-1] ¶ 29. The indemnification clause provides:

> Purchaser shall indemnify and hold Seller and every individual and entity affiliated with Seller and all of their respective officers, directors, shareholders, employees, agents and independent contractors and the successor of each and every one of them, harmless from any liability, loss, claim, cause of action cost, damage or expense (including, but not limited to, attorneys' fees and costs) that Seller and Seller's affiliates may sustain or incur by reason of or in connection with the Premises and (a) arising from the acts, occurrences or matter of whatever kind or nature that take place after the Closing Date, (b) resulting from or in any way connected with the environmental condition of the Premises, or (c) resulting from or in any way connected with the physical, financial, compliance, or other conditions of the Premises, including, without limitation, matters referred to in [the "as is" clause].

[1-1] ¶ 29.

The Fountain Square on the River Condominium Association, Ltd. brought suit in 2017 against First American Bank (as trustee and as the bank) in the Circuit Court of Kane County alleging, among other things, fraud and breach of fiduciary duty related to water leaks in the building. [1] ¶ 14; [1-2]. The Association also named the developer and its directors and officers, the general contractor, and individual board members of the Bank as defendants.[2] [1-2].

Facing costs associated with defending the lawsuit, the Bank filed a third-party complaint against Northhampton seeking a declaratory judgment to enforce the indemnification clause. [1] ¶ 17; [25-1] ¶¶ 1, 4.[3] On Northhampton's motion to dismiss, the court held that the indemnification clause was void against public policy when applied to the then-pending lawsuit between the Association and the Bank. [17-2] at 8. That lawsuit was for constructive fraud and intentional, willful conduct, so the court determined it could not be covered by the indemnification clause. [17-2] at 7–8. The Bank conceded that indemnity would not cover intentional misconduct but asked the court to dismiss without prejudice so that the Bank could raise the issue of

---

[2] Ken Campbell, the owner of Northhampton Group, was the president of the condominium association. [1] ¶ 14.

[3] Plaintiffs ask the court to disregard defendant's reliance on the report of proceedings in state court from July 23, 2019, [17-2], because it goes beyond the four corners of the complaint. [22] at 4. "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The state court proceedings are a part of the public record, so I take judicial notice of them. *See In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).

indemnification if it successfully defended the Association's claims. [17-2] at 15. The court dismissed the third-party complaint without prejudice.[4] [17-2] at 17.

On February 7, 2023, the court dismissed with prejudice the underlying claims against the Bank and the other defendants. [1] ¶ 18; [1-3]. The court found no breach of fiduciary duty and no evidence in the record to support the Association's fraud claims. [1] ¶ 19; [1-3] at 16. Now freed of the accusation of intentional misconduct, the Bank asked Northhampton to indemnify it for the costs of defending the litigation—approximately $600,000 in costs and attorneys' fees. [1] ¶¶ 20, 25–26. Northhampton refused, and the Bank filed suit in this court for breach of contract of the indemnification agreement. [1] ¶¶ 20–27. Northhampton moves to dismiss based on the affirmative defense of preclusion and for failure to state a claim under Rule 12(b)(6). [16].

A complaint must contain "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, disregarding legal conclusions or "[t]hreadbare recitals" supported by only "conclusory statements." *Iqbal*, 556 U.S. at 678.

Illinois law applies here. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980). I am required to give the same preclusive effect to a state court judgment as any Illinois court rendering judgment would give it. 28 U.S.C. § 1738; *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). The preclusion doctrines bar litigants from asserting claims or relitigating issues already determined in a final judgment on the merits in a previous adjudication. Under Illinois law, claim preclusion, or res judicata, bars subsequent actions between parties arising from the same cause of action. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). Different claims are considered the same cause of action if they arise from "a single group of operative facts." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 891 (Ill. 1998). Issue preclusion, or collateral estoppel, bars the relitigation of issues. *Gumma v. White*, 833 N.E.2d 834, 843 (2005). A final judgment "terminate[s] the litigation and fix[es] absolutely the parties' rights, leaving only enforcement of the judgment." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24. A judgment is not final until the

---

[4] The court said, "So I think it's reasonable to keep Northhampton on a string more or less, to make it without prejudice and to allow amendment later. So I'm going to – so as to defendant, third-party defendant, with prejudice is denied. So in part I'm granting the motion without prejudice and denying the motion as to seeking it with prejudice, and this will be maintained until the whole thing is final." [17-2] at 17.

possibility of appellate review has been exhausted. *Dookeran v. Cnty. of Cook*, 2013 IL App (1st) 111095, ¶ 18.

Because the circuit court dismissed the Bank's third-party complaint without prejudice, the dismissal was not a final judgment. *See* [17-1] at 2. A dismissal without prejudice "signals that there was no final decision on the merits and that the plaintiff is not barred from refiling the action." *Richter*, 2016 IL 119518, ¶ 24. In dismissing the third-party complaint without prejudice, the court noted that the Bank could file an amended complaint later and that the action would be maintained until the "whole thing is final." *See* [17-2] at 16. The court's order in February 2023 dismissing with prejudice the claims for breach of fiduciary duty and fraud against the Bank was a final judgment as to the primary liability claim, but it did not resolve the third-party complaint on the merits.[5] *See* [1-3] at 16. Lack of finality defeats the application of claim or issue preclusion. The Bank was not barred from filing a second action against Northhampton in state court, so nothing bars the Bank from filing suit in this court.[6]

An indemnity agreement is subject to the same rules of interpretation as any other contract under Illinois law. *See Buenz v. Frontline Transp. Co.*, 882 N.E.2d 525, 528 (Ill. 2008). Illinois adheres to the "American Rule" in which each party is responsible for their own attorneys' fees unless a statute or contract provides otherwise. *Downs v. Rosenthal Collins Grp., LLC*, 385 Ill.App.3d 47, 50 (1st. Dist. 2008). Explicit language in an indemnification clause that includes the recovery of attorneys' fees may overcome the American Rule. *Id.* at 51. Here, the indemnification clause includes the requisite language covering "any liability, loss, claim, cause of action, cost, damage or expense (including, but not limited to attorneys' fees and costs)." [1-1] ¶ 29. This is sufficient to displace the American Rule and provide a basis for the Bank to seek indemnification for attorneys' fees incurred in defending the Association's lawsuit.[7]

---

[5] Defendant says the Bank could have cross-appealed the judgment under Illinois Supreme Court Rule 303(a)(3), *see* [25] at 8–9, but parties can only appeal final judgments of a trial court. Ill. Sup. Ct. R. 303.

[6] Defendant invokes law of the case doctrine, but the relevant doctrine here is preclusion. *See Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982) ("[T]he law of the case doctrine must be distinguished from res judicata: One directs discretion; the other supersedes it and compels judgment. There are two distinct situations where the law of the case doctrine is applicable. First, a court ordinarily will not reconsider its own decision made at an earlier stage of the trial or on a prior appeal, absent clear and convincing reasons to reexamine the prior ruling. Second, an inferior court must apply the decision of a superior appellate tribunal on remand.") (internal quotation marks omitted). Neither situation applies here.

[7] Northhampton's suggestion that the Bank cannot seek indemnification for costs incurred defending a lawsuit by a third-party entity, [17] at 13, is not supported by the language of the indemnification clause, which covers "any liability, loss, claim, cause of action cost… that

4

Northhampton must indemnify the Bank for any costs incurred "by reason of or in connection with the Premises *and* (a) arising from the acts, occurrences or matter of whatever kind or nature that take place after the Closing Date, (b) resulting from or in any way connected with the environmental condition of the Premises, *or* (c) resulting from or in any way connected with the physical, financial, compliance, or other conditions of the Premises, including, without limitation, matters referred to in [the "as is" clause]." [1-1] ¶ 29 (emphasis added). The parties don't dispute that the underlying litigation was in connection with the premises, but they dispute whether the three subparagraphs that follow are conjunctive or disjunctive.[8] The inclusion of the disjunctive "or" to connect the subparagraphs supports a reading that the three subparagraphs should be construed disjunctively. *See Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 87 (2018) (noting that the ordinary use of "or" is "almost always disjunctive" unless context overcomes the ordinary disjunctive meaning). In other words, subparagraph (a)'s temporal limitation to acts taking place after closing (sometime around 2014) does not apply to subparagraphs (b) and (c). Costs must be incurred in connection with the premises *and* any one of the conditions in subparagraphs (a), (b), or (c). Costs resulting from the environmental condition or the physical (and other) conditions independently support a basis for indemnification. The Bank plausibly alleges that Northhampton is liable for indemnification of attorneys' fees and costs because the underlying litigation arose over alleged water leaks in the building.[9] [1] ¶ 14.

As the state court noted, agreements to indemnify intentional misconduct are void against public policy in Illinois. [17-2] at 8–9; *see Davis v. Commonwealth Edison Co.*, 336 N.E.2d 881, 885 (Ill. 1975). The Bank did not dispute that the agreement would not indemnify against fraud. [17-2] at 11. But the dispute as to the underlying liability of the Bank for fraudulent conduct has now been resolved by the state court, so the Bank states a claim for enforcing the indemnification agreement. *Cf. Samuels v. Wilder*, 871 F.2d 1346, 1352 (7th Cir. 1989) (finding that public policy under New York law did not bar indemnification where defendant incurred losses from defending unproven claims for securities fraud).

---

Seller and Seller's affiliates may sustain or incur." [1-1] ¶ 29. "Any cost" incurred by the Bank includes costs imposed by third parties.

[8] The Bank does not argue that subparagraph (a) applies, but it argues that (b) or (c) offer alternative bases for indemnification. [22] at 11.

[9] The Bank states that it is seeking indemnification costs in defense connected to the environmental condition of Fountain Square, which is covered by subparagraph (b), but their brief only mentions indemnification relating to the physical condition of the property, which is covered by subparagraph (c). *Compare* [1] ¶ 25 *with* [22] at 13. The contract is attached to the complaint, and either subparagraph (b) or (c) provides a plausible basis to enforce the indemnification clause.

      Defendant's motion to dismiss, [16], is denied. Plaintiffs' claim is not barred by preclusion. Plaintiffs plausibly allege that the indemnification clause covers the costs associated with defending the underlying state court lawsuit arising from alleged water leaks. I decline defendant's request to stay pending the state-court appeal because further delays are not in either party's interest. If the Illinois Appellate Court reverses the judgment and the accusation of fraud rears its head again, I will revisit the possibility of a stay.

ENTER:

Date:   March 27, 2024

                                            Manish S. Shah
                                            U.S. District Judge